UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| JONATHAN "JON" QUINN, INDIVIDUALLY AND AS GUARDIAN AD LITEM OF H.Q., A MINOR CHILD and TAMMY FASCHING, INDIVIDUALLY, SEPARATELY and TOGETHER,<br><br>       Plaintiffs,<br><br>v.<br><br>FARMERS INSURANCE EXCHANGE, A MEMBER OF FARMERS INSURANCE GROUP OF COMPANIES; and TRUCK INSURANCE EXCHANGE, A MEMBER OF FARMERS GROUP OF COMPANIES, INDIVIDUALLY AND TOGTHER, JOINTLY AND SEVERALLY,<br><br>       Defendants. | Civ. No. 15-5043<br><br>**ANSWER AND JURY TRIAL DEMAND** |

  Defendants, by and through their undersigned attorneys, and for their Answer to Plaintiffs' Complaint, state and allege as follows:

  1. Plaintiffs' Complaint fails to state a claim against Defendants upon which relief may be granted.

  2. Defendants deny each and every matter, thing and allegation contained in Plaintiffs' Complaint except as hereinafter specifically admitted.

  3. Defendants admit the allegations contained in paragraphs 1 and 4 of Plaintiffs' Complaint.

  4. In response to the allegations contained in paragraph 2 of Plaintiffs' Complaint, Defendants state that Farmers Insurance Exchange and Truck Insurance Exchange are the legal

entities that issued the policies in question and that their corporate headquarters are in a state other than South Dakota.

5. Defendants deny the allegations contained in paragraphs 3 of Plaintiffs' Complaint, specifically deny any alleged misconduct, and remit Plaintiffs to the strict proof thereof.

6. In response to the allegations contained in paragraphs 5 and 6 of Plaintiffs Complaint, Defendants admit that prior and pending litigation has been filed in South Dakota State Court, and further states that said litigation and the pleadings on file therein speak for themselves.

7. In response to the allegations contained in paragraph 7 of Plaintiffs' Complaint, Defendants state that the South Dakota Supreme Court's decision dated March 21, 2014, speaks for itself.

8. Defendants deny the allegations contained in paragraphs 8 – 13 of Plaintiffs' Complaint and remits Plaintiffs to the strict proof thereof.

9. In response to the allegations contained in paragraph 14 of Plaintiffs' Complaint, Defendants admit that they did not provide a defense or liability as there was no coverage under the policies.

10. Defendants are without sufficient information to either admit or deny the allegations contained in paragraphs 15 – 17 of Plaintiffs' Complaint and therefore deny the same and remit Plaintiffs to the strict proof thereof.

11. In response to the allegations contained in paragraph 18 of Plaintiffs' Complaint, Defendants state the subject policies speak for themselves.  Defendants specifically deny that the

subject policies provide any coverage for lead paint poisoning and remit Plaintiffs to the strict proof thereof.

12. The allegations contained in paragraphs 19, 20 and 31 of Plaintiffs' Complaint are purported legal conclusions to which no response is required; to the extent a response is required, Defendants deny the same and remit Plaintiffs to the strict proof thereof.

13. Defendants deny the allegations contained in paragraphs 21 – 29 of Plaintiffs' Complaint and remit Plaintiffs to the strict proof thereof.

14. In response to the allegations contained in paragraph 30 of Plaintiffs' Complaint, Defendants admit that they have not paid any portion of the judgment as there is no coverage for the same under the subject policies.

15. In response to the allegations contained in paragraph 32 of Plaintiffs' Complaint, there is no purported assignment attached to the Complaint, so Defendants deny the same and remit Plaintiffs to the strict proof thereof.

16. Defendants deny the allegations contained in paragraphs 33-34 of Plaintiffs' Complaint and remit Plaintiffs to the strict proof thereof.

17. Defendants deny the allegations contained in paragraphs 35 – 45 of Plaintiffs' Complaint  (Breach of Contract) and remit Plaintiffs to the strict proof thereof.

18. Defendants deny the allegations contained in paragraphs 46 – 49 of Plaintiffs' Complaint (Vexatious and Unreasonable Refusal or Failure to Pay Benefits) and remit Plaintiffs to the strict proof thereof.

19. Defendants deny the allegations contained in paragraphs 50 – 54 of Plaintiffs' Complaint ("Bad Faith" Refusal or Failure to Timely Defend) and remit Plaintiffs to the strict proof thereof.

20. Defendants deny the allegations contained in paragraphs 55-59 of Plaintiffs' Complaint (Tortious Loss of Settlement Opportunity) and remit Plaintiffs to the strict proof thereof.

21. As an affirmative defense, Defendants state and allege that the issue of coverage is currently pending in South Dakota State Court, that Plaintiffs and/or their purported assignor have not prevailed on the issue of coverage, that prevailing on the issue of coverage is necessary before asserting a bad faith claim, all of which bars this action.

22. As an affirmative defense, Defendants state and allege that, if this matter is not dismissed as the bad faith claim is not yet ripe as the coverage issues are currently pending in South Dakota State Court, this matter should be stayed until the coverage issue is fully and finally adjudicated.

23. As an affirmative defense, Defendants state and allege that the claims asserted in Plaintiffs' Complaint are barred by the applicable statute of limitations.

24. As an affirmative defense, Defendants state and allege that any recovery of punitive damages would violate the South Dakota Constitution and/or United States Constitution.

25. As an affirmative defense, Defendants state that they did not act in bad faith, did not violate any other obligations, legal or contractual, and further state that harms and physical injuries caused by lead paint poisoning were correctly and appropriately excluded from coverage under the subject policies.

WHEREFORE, Defendants pray that the Court enter Judgment in their favor, that Plaintiffs' Complaint be dismissed upon the merits and with prejudice, with Plaintiffs taking nothing thereunder, that Defendants have and recovery their costs and expenses, and for such other and further relief as the Court deems just and proper.

Dated this 29th day of June, 2015.

/s/   *Michael F. Tobin*
Filed Electronically
Thomas J. Welk
Michael F. Tobin
BOYCE LAW FIRM, L.L.P.
300 S. Main Avenue
P.O. Box 5015
Sioux Falls, SD 57117-5015
(605) 336-2424
tjwelk@boycelaw.com
mftobin@boycelaw.com
Attorneys for Defendants

## JURY TRIAL DEMAND

Defendant hereby demands trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

I, Michael F. Tobin, hereby certify that on the 29th day of June, 2015, I electronically filed with the Clerk of Court the foregoing Answer and Jury Trial Demand using the CM/ECF system which will automatically send e-mail notification of such filings to the attorneys of record.

George J. Nelson
gjnlaw@gmail.com

/s/   *Michael F. Tobin*
Filed Electronically
Michael F. Tobin